IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WESCO INSURANCE COMPANY                                                           PLAINTIFF

V.                                                    CIVIL ACTION NO.: 1:16-cv-00165-SA-DAS

ARCHER LANDSCAPE GROUP, LLC,
GERALD SELLERS,
RICHARD STRACHAN, and
TIMOTHY BRASFIELD                                                               DEFENDANTS

MEMORANDUM OPINION

This declaratory judgment action is before the Court on Defendant Timothy Brasfield's Motion to Dismiss for Lack of Jurisdiction [14]. Plaintiff responded, but Defendant Brasfield declined to file a timely reply.

*Factual and Procedural History*

Wesco Insurance Company filed its Complaint for Declaratory Judgment against Defendants on September 9, 2016. Plaintiff Wesco's request for declaratory judgment relates to a policy of insurance it issued to Defendant Archer Landscape Group, LLC, concerning a claim asserted by Brasfield against Archer Landscape Group, LLC, Sellers and Strachan, which was filed in the Circuit Court of Alcorn County, Mississippi. In that underlying state suit, Brasfield alleges general negligence and "special acts of negligence" related to injuries he suffered while working with Archer Landscape Group, LLC. Brasfield alleges that while working to repair a broken post on a shed, he suffered serious and permanent injuries when his arm was caught in an auger. The incident resulted in amputation of his left arm, removal of his spleen and a hole in his diaphragm. Wesco asserts that the policy issued by Wesco to Archer Landscape Group, LLC contains an exclusion for employer's liability, which would bar Brasfield's claim from policy

coverage. Brasfield filed its Motion to Dismiss, arguing that jurisdiction has vested in the state court, leaving the federal district court unable to entertain Wesco's action.

*Motion to Dismiss Standard*

Defendant argues that it is entitled to dismissal for lack of subject-matter jurisdiction and a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). When the Court's subject-matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The party who seeks to invoke the jurisdiction of the federal court "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

Regarding personal jurisdiction, the plaintiff need not establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. *Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). When determining whether a *prima facie* case for jurisdiction exists, "[t]he district court is not obligated to consult only the assertions in the plaintiff's complaint . . . [r]ather, the district court may consider the contents of the record at the time of the motion . . . ." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). In this regard, all "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Gatte v. Dohm*, 574

F. App'x. 327, 330 (5th Cir. 2014) (quoting *D.J. Investments Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)).

*Discussion and Analysis*

Defendant fails to articulate its argument regarding the purported lack of personal jurisdiction. In any event, Plaintiff properly alleged personal jurisdiction in its Complaint and Response to Defendant's Motion. All Defendants in this matter are purportedly residents of Alcorn County, Mississippi, and all Defendants were properly served in Mississippi.

Furthermore, this Court has subject matter jurisdiction over Plaintiff's claims. Diversity jurisdiction, as prescribed by 28 U.S.C. Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). For purposes of diversity jurisdiction, the citizenship of an LLC "is determined by the citizenship of all its members." *Id*. at 1079-80.

According to Plaintiff's Complaint and Response to the Motion to Dismiss, Plaintiff is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York. Defendant Archer Landscape Group, LLC, is a Mississippi limited liability company organized and existing under the laws of the state of Mississippi, with Mississippi residents as its sole members, purportedly Gerald Sellers and his wife. Further, all individual defendants are adult resident citizens of the state of Mississippi. Accordingly, because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum or value of seventy-five thousand dollars, Plaintiff has met its burden of alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

However, without providing any precedent or legal justification, Defendant moves the Court to enter an order dismissing the action due to a lack of jurisdiction, because jurisdiction was "vested in state court prior to filing in federal court." Indeed, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (internal quotation marks omitted). Motions to dismiss under Rule 12(b)(1) challenge a court's "very power to hear the case," and the court may therefore "weigh the evidence and satisfy itself" that subject matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (internal quotation marks omitted).

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980). Subject-matter jurisdiction to issue a declaratory judgment exists only when there is an "actual controversy" between the parties. *See* 28 U.S.C. § 2201(a) (2012); *see also Texas v. West Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir. 1989). The "actual controversy" requirement under the Declaratory Judgment Act is identical to the "case or controversy" requirement of Article III of the Constitution. *West Publ'g. Co.*, 882 F.2d at 175. "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).

"[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their

4

jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 289, 115 S. Ct. 2137.

When determining whether to adjudicate a declaratory judgment action, a district court should ask "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (reversing dismissal on abstention grounds) (citing *Orix*, 212 F.3d at 895); *see also Allstate Ins. Co. v. Melton*, 482 F. Supp. 2d 775, 779 (S.D. Miss. 2007). As there is an actual controversy among the parties regarding coverage under the policy, this action is justiciable. Furthermore, this court has authority[1] to decide this declaratory judgment because diversity jurisdiction is present and the Anti-Injunction Act does not apply because there is no pending state court action between the parties. *Sherwin–Williams*, 343 F.3d 387–88. However, though not explicitly proposing that the Court abstain, Defendant seems to move the Court to examine whether it *should* exercise its authority over this suit.

The final *Orix* step, whether the Court should exercise its discretion to decide or dismiss the case, requires consideration of the seven non-exclusive factors announced by the Fifth Circuit in *St. Paul Insurance Co. v. Trejo:*

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

---

[1] A district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988)). Section 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d 585, 590-91 (5th Cir. 1994). These considerations have been generally grouped into considerations of federalism/comity, fairness, and efficiency. *See Sherwin–Williams Co.*, 343 F.3d at 390-91.

The central issue in this matter concerns whether the insurance policy issued by Wesco to Archer Landscape Group, LLC provides coverage for Brasfield's injuries. That is not the issue before the state court, as Wesco is not a party in the state court action. Additionally, Defendant Brasfield has indicated that he intends to amend his complaint in the underlying suit, but the proposed amended complaint does not name Wesco as a party. Therefore, comity does not require abstention because there is no pending state action in which all of the matters in controversy may be fully litigated. Next, there are no clear issues regarding fairness, as articulated by the second, third, and fourth *Trejo* factors. Plaintiff has sought declaratory judgment on an insurance coverage issue, invoking "standard diversity jurisdiction to resolve issues traditionally resolved in declaratory judgment actions." *Id.* at 398. The Court finds that Plaintiff did not improperly file in anticipation of suit or engage in improper forum shopping, and there exist no possible inequities related to precedence in time or forums in allowing the Plaintiff to proceed. *See Union Ins. Co. v. Nunnery*, No. 3:08CV693-DPJ, 2009 WL 1421055, at

*3 (S.D. Miss. May 19, 2009) (citing *Sherwin–Williams Co.*, 343 F.3d at 389) ("Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'").

The remaining factors address efficiency considerations. The fifth *Trejo* factor, whether the Court is a convenient forum for the parties and witnesses, weighs only slightly in favor of abstention. This Court, though not in Defendants' hometown, lies in the Defendants' federal district, and is therefore a minimally less convenient forum than the Circuit Court of Alcorn County, Mississippi. *See Sherwin-Williams*, 343 F.3d at 400 ("The fact that it would not be as convenient for all the declaratory judgment defendants to litigate in federal district court as it would be for them to litigate in the nearest state courthouse does not mean that it is unduly burdensome for them to do so); *see also Dow Agrosciences v. Bates*, 332 F.3d 323, 328 (5th Cir. 2003). The sixth *Trejo* factor, whether retaining the lawsuit would serve the purposes of judicial economy, weighs against abstention. The coverage issues have not been presented in state court, nor could they be adjudicated without Plaintiff's presence. Finally, the seventh *Trejo* factor, whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is currently inapplicable.

Indeed, the considerations of federalism/comity, fairness, and efficiency mostly weigh against abstention. Therefore, the Court concludes that it has the authority to decide the declaratory judgment action under the *Orix* factors and that it should retain jurisdiction for the reasons stated in *Trejo*.

*Conclusion*

Plaintiff successfully alleged both personal jurisdiction and subject matter jurisdiction. To the extent that Defendant argues that the Court should choose to abstain from exercising that jurisdiction, the Defendant's request is denied. Accordingly, Defendant Brasfield's Motion to Dismiss is DENIED.

SO ORDERED this the 25th day of August, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE