IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WESCO INSURANCE COMPANY**                                                          **PLAINTIFF**

V.                                                                          NO. 1:16-CV-165-DMB-DAS

**ARCHER LANDSCAPE
GROUP, LLC; GERALD SELLERS;
RICHARD STRACHAN; and
TIMOTHY BRASFIELD**                                                                  **DEFENDANTS**

## MEMORANDUM ORDER AND OPINION

This declaratory judgment action is before the Court on Timothy Brasfield's motion seeking reconsideration of the August 25, 2017, order[1] denying his motion to dismiss for lack of jurisdiction. Doc. #20.

### I
### Background

On October 5, 2015, Brasfield filed a complaint in the Circuit Court of Alcorn County, Mississippi, against Archer Landscape Group, LLC, Gerald Sellers (individually and d/b/a Archer Landscape Group, LLC), and Richard Strachan. Doc. #1 at 14. Brasfield's state court complaint alleges claims for general and special acts of negligence related to injuries he suffered on or about November 30, 2013, when, while working as an employee of Archer Landscape, he was "grabbed by a piece of … machinery and pulled into the equipment causing [him] serious and permanent bodily injury." *Id.* at 15–16.

On September 9, 2016, Wesco Insurance Company filed a complaint in this Court seeking a declaratory judgment that the insurance policy it issued to Archer Landscape included a valid

---
[1] Doc. #17.

employer's liability exclusion and, as a result of the exclusion, Wesco "has no duty to defend, or indemnify, Archer Landscape … and/or Gerald Sellers, related to the claims asserted against them in the Circuit Court of Alcorn County, Mississippi, by Mr. Timothy Brasfield."  Doc. #1 at 1, 12.  That day, the case was assigned to United States District Judge Sharion Aycock.

On December 12, 2016, Brasfield moved to dismiss Wesco's complaint "due to a lack of jurisdiction, said jurisdiction being vested in the state court prior to the filing in federal court."[2]  Doc. #14 at 4.  Wesco responded in opposition on December 27, 2016.  Doc. #15.  On August 25, 2017, Judge Aycock denied Brasfield's motion to dismiss.  Doc. #17.

One week later, Brasfield filed a motion for reconsideration of the August 25 order.  Doc. #20.  Wesco responded in opposition on September 15, 2017.  Doc. #24.  On October 11, 2017, Judge Aycock recused herself and the case was assigned to the undersigned district judge.  Doc. #25.

On February 5, 2018, Wesco filed a motion to amend its complaint because the "Complaint on file with the Clerk appears to be missing page number 13. However, the records maintained by counsel for [Wesco] reflect that page 13 was submitted to the Clerk for filing at the time of the initial filing of this mater."  Doc. #36 at 1.  Brasfield did not respond, and the motion to amend was granted on February 27, 2018.  Doc. #37.  Wesco filed its amended complaint the same day.[3]  Doc. #38.

---

[2] Brasfield's original state court complaint alleges he was acting within the course and scope of his employment with Archer Landscape at the time he was injured.  *See* Doc. #1 at 15.  However, in his motion to dismiss, Brasfield asserts that this allegation was a mistake and that he intends to amend his state court complaint to allege he was not an employee of Archer Landscape at the time he was injured.  Doc. #14 at 3; *see* Doc. #16 at 2.  Although this fact appears to be of significant consequence in Brasfield's state court action, it is of no consequence in this case.  Here, Wesco seeks a declaratory judgment that the policy it issued to Archer Landscape includes a provision excluding employer's liability, thereby foreclosing any recovery against Wesco if Brasfield was an employee at the time he was injured.

[3] Page 13 of the amended complaint does not substantively amend the original complaint—it only clarifies the relief sought by Wesco.  *See* Doc. #38 at 13.

**II**
**Relevant Standard**

Where a party seeks reconsideration of a non-final order, the proper course is to treat the motion as brought under Rule 54(b).[4] *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 253 (D.C. Cir. 2003) ("[O]rders denying motions to dismiss are not final decisions because such orders ensure that litigation will continue …."); *see Lucas v. District of Columbia*, 214 F.Supp.3d 1, 4 (D.D.C. 2016) ("[I]nasmuch as plaintiff seeks reconsideration of a non-final order, Federal Rule of Civil Procedure 54(b) governs …."). Under Rule 54(b):

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts … frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

> The Fifth Circuit has explained that a motion made pursuant to Rule 59:
>
> calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citations, alterations,

---

[4] Brasfield's motion does not specify the procedural basis for the relief sought.

3

and quotation marks omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id*. Additionally, "a trial court is free to reconsider and reverse interlocutory orders for any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727–28 (5th Cir. 2012) (alterations omitted).

### III
### Analysis

In his motion for reconsideration, Brasfield argues (1) the Court incorrectly stated that Wesco filed this case in anticipation of litigation and (2) there remains an issue of fact regarding whether he was an employee at the time of his injury and that such a question is reserved for a jury. Doc. #20 at 1–2. Because Brasfield does not contend there is any newly discovered evidence or a change in the controlling law regarding the August 25, 2017, order, he "must clearly establish either a manifest error of law or fact" to succeed on his motion for reconsideration. *Maxmed Healthcare, Inc. v. Price*, 860 F.3d 335, 340 (5th Cir. 2017).

Brasfield submits the Court erred in stating that Wesco filed this action in anticipation of litigation because he previously filed an action in Alcorn County concerning the underlying incident. Doc. #20 at 1. Brasfield asserts that "[Wesco] did not file its complaint in anticipation of litigation, but rather in the middle of state court litigation approximately 1 year after the state court action was filed." *Id*. at 1–2.

4

While it is undisputed that Brasfield filed a lawsuit in Alcorn County about a year before Wesco filed this case, Wesco was not a party to the state court action. As noted in the order denying Brasfield's motion to dismiss, "[t]he central issue in this matter concerns whether the insurance policy issued by Wesco to Archer Landscape … provides coverage for Brasfield's injuries. That is not the issue before the state court, as Wesco is not a party in the state court action." Doc. #18 at 6. Brasfield's first argument for reconsideration therefore is without merit. *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (generally, "[a] district court may not consider the merits of the declaratory judgment action when … a declaratory defendant has previously filed a cause of action in state court *against the declaratory plaintiff*") (emphasis added).

Brasfield's second argument—that the factual issue of whether he was an employee must be determined by a jury—is inapposite. As discussed above, Wesco seeks declaratory judgment regarding whether the policy issued to Archer Landscape provides coverage to employees. Notably, Wesco does not seek determination of whether Brasfield was an employee at the time of the incident. Regardless, Brasfield's argument does not identify a manifest error of law or fact in the August 25 order.

## IV
## Conclusion

For the reasons above, Brasfield's motion to reconsider [20] is **DENIED**.

**SO ORDERED**, this 11th day of June, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5