# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**WESCO INSURANCE COMPANY**                                                                    **PLAINTIFF**

**V.**                                    **NO. 1:16-CV-165-DMB-DAS**

**ARCHER LANDSCAPE**
**GROUP, LLC; GERALD SELLERS;**
**RICHARD STRACHAN; and**
**TIMOTHY BRASFIELD**                                                              **DEFENDANTS**

## ORDER

Before the Court are Timothy Brasfield's "Motion to Stay," Doc. #40, and his "Motion to Expedite Hearing on Motion to Stay [40]," Doc. #42; and Wesco Insurance Company's "Motion to Strike," Doc. #43.

### I
### Relevant Procedural History

On September 9, 2016, Wesco Insurance Company filed a complaint for declaratory judgment in the United States District Court for the Northern District of Mississippi. Doc. #1. On December 12, 2016, Timothy Brasfield filed a "Special Appearance and Motion to Dismiss for Lack of Jurisdiction and/or to Stay Proceedings." Doc. #14. On August 25, 2017, the Court denied Brasfield's motion to dismiss, Doc. #17, and Brasfield moved for reconsideration on September 1, 2017, Doc. #20.[1]

On March 7, 2018, Brasfield filed a "Motion to Stay." Doc. #40. Two weeks later, on March 21, 2018, Brasfield filed a "Motion to Expedite Hearing on Motion to Stay [40]." Doc. #42. Also on March 21, 2018, Wesco filed a "Motion to Strike" Brasfield's motion to stay and

---

[1] This case was initially assigned to United States District Judge Sharion Aycock. After Brasfield moved for reconsideration, Judge Aycock recused herself and the case was reassigned to the undersigned district judge.

motion to expedite, and responded in opposition to the motion to stay. Doc. #43; Doc. #44. Wesco responded in opposition to Brasfield's motion to expedite on April 4, 2018. Doc. #45. Brasfield did not reply to either of Wesco's responses, or respond to Wesco's motion to strike. On June 11, 2018, this Court denied Brasfield's motion for reconsideration. Doc. #46.

## II
## Analysis

At the outset, the Court observes that Brasfield did not file a memorandum brief in support of his motion to stay as required by this Court's local rules, and has otherwise failed to cite any authority to warrant the stay he seeks. For these reasons, Brasfield motion to stay is properly denied. *See* L.U. Civ. R. 7(b)(4) (requiring filing of memorandum brief "[a]t the time the motion is served," and providing that "[f]ailure to timely submit the required motion documents may result in the denial of the motion"); *C.W.P. v. Brown*, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014) (denying motion unaccompanied by memorandum brief citing legal authority for relief sought).

Even if Brasfield's motion to stay complied with the Court's local rules, it is without merit. In his motion to stay, Brasfield contends that a "critical issue of material fact[,] … whether or not [he] was functioning as an employee of Archer Landscape … at the time of the subject accident[,] … is contested," and that this factual determination should be decided by a jury in his earlier-filed state court action in the Circuit Court of Alcorn County. Doc. #40 at 1.

In response, after noting that Brasfield does not provide any authority for his motion to stay, Wesco argues that Brasfield is essentially "again asking this Court to abstain from exercising its jurisdiction over this matter." Doc. #44 at 7. Wesco contends that the critical issue is

> not whether Brasfield "was functioning as an employee of Archer" at the time of the accident. Rather, the critical issue is whether … Brasfield was an employee of Archer at the time of the accident, so that his claim arises out of "Employment by [Archer]; or Performing duties related to the conduct of [Archer's] business."

2

*Id*. at 8. Essentially, Wesco contends Brasfield's motion to stay should be denied for the same reasons the Court denied his motion to dismiss and motion for reconsideration, as he seeks the same relief—that this Court abstain from hearing this case until the conclusion of his state court action. This Court agrees with Wesco.

By requesting in his motion to stay "an Order to be entered staying all further proceedings until the state court matter is fully adjudicated before a jury,"[2] Brasfield essentially requests the same relief sought in his previous motions[3]—relief that has previously been twice denied.[4] Accordingly, for the same reasons stated in the orders denying his motion to dismiss and his motion for reconsideration, Brasfield's motion to stay [40] is **DENIED**. Brasfield's motion to expedite [42] and Wesco's motion to strike [43] are **DENIED as moot**.

**SO ORDERED**, this 2nd day of July, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. #40 at 3.

[3] *See* Doc. #14 (requesting dismissal or stay until state court jury makes factual determination as to whether he was functioning as employee at time of accident); Doc. #20 (seeking reconsideration on ground that material issue of fact—whether he was functioning as employee at time of accident—should be determined by state court jury).

[4] *See* Doc. #18 (denying Brasfield's motion to dismiss or stay because coverage issues relevant to instant declaratory action not before state court and because Wesco not party to Brasfield's state court action); Doc. #46 (denying Brasfield's motion for reconsideration for same reasons).